IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Case No.:

TWO RIVERS WATER & FARMING COMPANY

*Plaintiff*

v.

AMERICA 2030 CAPITAL LIMITED, BENTLEY ROTHSCHILD CAPITAL LIMITED, AND BROADRIDGE FINANCIAL SOLUTIONS, INC.

*Defendants*

---

## VERIFIED COMPLAINT FOR DECLARATORY AND PRELIMINARY INJUNCTIVE RELIEF

---

Plaintiff Two Rivers Water & Farming Company files this Complaint for Declaratory Relief under 28 U.S.C. §§ 2201 and 2202, and for preliminary injunctive relief under Fed. R. Civ. P. 65, against Defendants America 2030 Capital Limited, Bentley Rothschild Capital Limited, and Broadridge Financial Solutions, Inc.  In support, Plaintiff states as follows:

### The Parties

**Plaintiff:**

1.   Plaintiff Two Rivers Water & Farming Company is incorporated under the laws of Colorado with its principal place of business located at 3025 S. Parker Rd., Ste. 140, Aurora, CO 80014.  Plaintiff is a reporting public company subject to the reporting requirements of the 1934 Exchange Act.  Wayne Harding ("Mr. Harding") is the CEO of Plaintiff.

**Defendant(s):**

2.   As used in this Complaint, "Lender" refers individually and/or collectively, as appropriate, to:

a.   Defendant America 2030 Capital Limited, which is, upon information and belief, incorporated under the laws of Nevis with its principal place of business in Nevis, West Indies.

b.   Defendant Bentley Rothchild Capital Limited, which is, upon information and belief, incorporated under the laws of the Bahamas with its principal place of business in New Providence, Bahamas. Upon information and belief, Vladimir "Val" Sklarov is the President and CEO of both Defendants America 2030 Capital Limited and Bentley Rothchild Capital Limited.

3.   As used in this Complaint, "Transfer Agent" refers to:

a.   Broadridge Financial Solutions, Inc., which is incorporated under the laws of the State of Delaware and has its principal place of business in New York.  Transfer Agent is a non-affiliate of Plaintiff.

4.   As used in this Complaint, "Defendants" refer collectively to Lender and Transfer Agent.

**Jurisdiction and Venue**

5.   This Court has subject matter jurisdiction over this action under 28 U.S.C. § 2201 and 2202 and Fed. R. Civ. P. 57.

6.   An actual justiciable controversy between Plaintiff and Defendants exists within the meaning of 28 U.S.C. § 2201 regarding whether Plaintiff and Defendants entered into contracts or whether contracts between Plaintiff and Defendants are null and void.

7.   This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount at stake is more than $75,000.00, not counting interest and costs, and the suit is between citizens of different states.

8.   Venue is proper in the District of Colorado under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims set forth in this complaint occurred in Colorado.

### General Allegations

9.   Plaintiff is a company that assembles its water assets by acquiring land with senior water rights.  Plaintiff focuses on development and redevelopment of infrastructure for water management and delivery.  Plaintiff is focused on expanding their agriculture activity along with development and rehabilitation of its water assets in the State of Colorado.

10. In the summer of 2018, Plaintiff began seeking equity investors to grow its business.

11. In or around September of 2018, Lender was introduced to Plaintiff as a potential equity investor through Mark Brundage of Global Financial Corporation. Upon information and belief, Mr. Brundage was Lender's broker agent at all relevant times.

12. On or about September 21, 2018, Lender and Plaintiff executed two loan agreements (the "Agreements"). On behalf of Plaintiff, Mr. Harding executed and had the Agreements notarized in Colorado. Copies of the Agreements are attached to this Complaint as **Exhibits A** and **B**, respectively.

13. The Agreements explicitly state that the contractual consideration is $10.00 US dollars. Exhibit A and B, respectively, at pg. 2, ¶ 1, line 1. Neither party tendered to the other party $10.00 US dollars as required, nor has any subsequent consideration been exchanged.

14. The Agreements provided, collectively, that Lender would lend to Plaintiff funds in total of up to $1,100,000.00 US dollars (the "Loan") of the current FMV of the Transferred Collateral, i.e., 6,800,000 restricted shares of Plaintiff (the "Restricted Shares"), in exchange for the Restricted Shares.  At the time, it was estimated that pledging 6,939,297 shares of Plaintiff would yield a loan of $645,000.

15. On or about October 2, 2018, Plaintiff issued the Restricted Shares to Lender and delivered the Restricted Shares to Transfer Agent to hold as restricted securities pursuant to Rule 144 of the Securities Act.

16. On or about March 20, 2019, on a conference call between Mr. Harding, Mr. Brundage, and Mark Johnson (Plaintiff's SEC attorney), it was represented to Mr. Harding that Val Sklarov was a criminal who had no intent to fund the Loan to Plaintiffs but just wanted to acquire Plaintiff's shares.

17. Shortly after the conference call, in an emailed dated March 20, 2019, Mr. Brundage emailed Mr. Harding the following hyperlinks as evidence of Val Sklarov's criminal and deceitful nature:

http://www.adrforum.com/domaindecisions/1748855.htm

https://markets.financialcontent.com/stocks/news/category?Category=mark+Bentley

https://www.zoominfo.com/p/Mark-Bentley/2178603888

https://www.facebook.com/vladimir.sklarov

https://www.pressrelease.com/news/why-is-the-securities-exchange-commission-not-doing-anything-in-8190

https://www.misk.com/tools/#dns/america2030.com

https://graintrade.com.ua/en/traider/america2030-id3179

https://www.prweb.com/releases/2013/9/prweb11117816.htm

https://www.ripoffreport.com/reports/driveline-llc/jacksonville-florida-32216/driveline-llc-driveline-jacksonville-boyan-marijanovic-bo-marijanovich-sold-me-a-lem-1338000

https://www.justice.gov/pardon/obama-denials/pardons-denied-president-barack-obama

http://www.chicagotribune.com/news/ct-xpm-1998-06-03-9806030266-story.html

https://www.shareprophets.com/views/36993/jonathan-tidswell-of-angus-energy-meet-val-sklarov-no-wonder-your-shares-have-gone-awol

https://www.rapsheets.org/indiana/indianapolis-jail/SKLAROV_VLADIMIR/556547

https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IlptTTVNVGt4T0RFMk1ESXhPams0TlRJNU5UWXhOR0U9In19

https://www.spokeo.com/IL/Lake-Forest/221-S-Ridge-Rd

https://ar-ar.facebook.com/nbc24wnwo/posts/vladimir-and-sharon-sklarov-owners-of-the-troubled-riviera-maia-apartments-in-we/10152872301051904/

http://www.wtol.com/story/28877378/4-months-later-former-riviera-maia-residents-want-answers/

https://divorce.usattorneys.com/criminal-liability-apartment-complex-case-contested-newly-divorced-couple/

https://www.justanswer.com/sip/certified-fraud-investigator?r=ppc|ga|3|General%20-%20ROW%20-%20Search|Certified%20Fraud%20Examiner&JPKW=reporting%20fraud&JPDC=S&JPST=&JPAD=174947655076&JPMT=b&JPNW=g&JPAF=txt&JPCD=20170123&JPRC=1&JPOP=ETA_V2&mkwid=sj6Qjnhoz_dc&pcrid=174947655076&pkw=reporting%20fraud&pmt=b&plc=&cmpid=54522048&agid=2137579488&fiid=&tgtid=kwd-87869404&ntw=g&dvc=c&gclid=Cj0KCQiA_4jgBRDhARIsADezXchQdA2E05E4L58kNLeOjlgiBCAxVEB5FMTNHmfG4aV2hsUV6aMrz_oaAqhSEALw_wcB

https://www.toledoblade.com/local/2014/12/08/Tenants-caught-in-tangle-of-legal-marital-disputes.html?abnpageversion=evoke

https://www.chicagoreader.com/chicago/house-of-blues/Content?oid=895073

http://www.chicagotribune.com/news/ct-xpm-1998-10-06-9810060310-story.html

https://newspaperarchive.com/indiana-gazette-jan-13-1998-p-7/

http://www.chicagotribune.com/news/ct-xpm-1998-06-03-9806030266-story.html

https://yro.slashdot.org/story/01/07/21/039257/dimitrys-company-sold-password-crackers-to-the-fbi

 http://www.adrforum.com/domaindecisions/1748855.htm

18. In two letters to Transfer Agent from Lender dated April 29, 2019, Lender's purported

legal counsel opined that Transfer Agent could remove the legends from the Restricted Shares in

its possession to sell the Restricted Shares to the public. Copies of the opinion letters are attached

to this Complaint as **Exhibit C** and **D**.

19. In two letters to Plaintiff from Lender dated May 23, 2019, in an obvious attempt to

prevent Plaintiff from taking legal action, Lender's purported legal counsel stated that Plaintiff

was in default under the Agreements by, among other things, violating Sections 4.6 of the

Agreements by seeking "injunctive relief from any court of law…" Copies of the Default Notice

letters are attached to this Complaint as **Exhibits E** and **F**.

20. Concerned that Transfer Agent would remove the legends from the Restricted Shares and

make the Restricted Shares available for sale to the public, on or about May 31, 2019, Plaintiff

contacted Transfer Agent about the status of the Restricted Shares. Transfer Agent informed

Plaintiff that Plaintiff needs to provide Transfer Agent with a temporary restraining order by

Friday, June 7, 2019, so that Transfer Agent will not remove the legends.

21. Plaintiff brings this action to seek a declaratory judgment against Lender declaring that

the Agreements, as defined below, are not contracts or, in the alternative, that the Agreements

are null and void contracts. In connection with the declaratory judgment, Plaintiff applies for

preliminary injunctive relief against Defendants from (a) engaging in any activity related to the

sale or transfer of any of the Restricted Shares of Plaintiff, as defined below, and (b) engaging in any activity related to the removal of legends from the stock certificates of the Restricted Shares of Plaintiff.

22. Plaintiff also seeks the immediate return of its shares from the Transfer Agent.

**First Claim for Relief**
**(Declaratory Judgment and Other Relief)**

23. Plaintiff incorporates by reference all prior allegations as though fully set forth herein.

24. This claim for declaratory judgment and other relief is brought pursuant to U.S.C. 28 U.S.C. § 2201 and 2202 and Fed. R. Civ. P. 57.

25. The Agreements expressly provided that $10.00 US Dollars was the contractual consideration for the Agreements.

26. Neither party tendered $10.00 US Dollars to the other party or any other consideration for the Agreements. Lender never provided Plaintiff with any monies contemplated by the Agreements, such that Lender has no right to the collateral shares in law or in equity.

27. As such, the Agreements never became contracts and were nullities from the outset and thus could not confer rights or obligations on either of the parties.

28. Even if the Agreements became contracts, the Agreements are null and void contracts. Any rights or obligations on either of the parties are void based upon foregoing facts occurring prior or subsequent to execution of the Agreements, including, without limitation, Lender's broker agent, Mr. Brundage, representing to Plaintiff that Lender was a criminal who had no intent to fund the Loan to Plaintiff and only wanted to take Plaintiff's shares.

29. As such, Plaintiff requests that the Court declare that the Agreements are not contracts or that the Agreements are null and void contracts, and requests that the Court order the immediate return of Plaintiff's Restricted Shares from the Transfer Agent.

30. Plaintiffs further request any additional relief the Court deems appropriate.

**<u>Second Claim for Relief</u>**
**(Preliminary Injunction)**

31. Plaintiff incorporates by reference all prior allegations as though fully set forth herein.

32. There is a danger of real, immediate, and irreparable injury to Plaintiff if the legends on the Restricted Shares are removed. Such removal would destroy Plaintiff's ability to control its company and business and prevent it from effectively competing in the marketplace and could ruin Plaintiff's stock price.

33. Transfer Agent has informed Plaintiff that if a preliminary injunction is granted, Transfer Agent will not remove the legends from the Restricted Shares.

34. Based upon the urgency of this matter, with the Transfer Agent requiring a Temporary Restraining Order by this coming Friday, June 7, 2019, there is no plain, speedy, and adequate remedy at law.

35. The granting of the Temporary Restraining Order will not disserve the public interest; in contrast, the granting of the Temporary Restraining Order would protect the public and Plaintiff.

36. The balance of equities favors the injunction.

37. The Temporary Restraining Order will preserve the status quo pending a trial or other proceeding on the merits.

WHEREFORE, Plaintiff requests that this Court declare that the Agreements are not contracts because there was no consideration or, in the alternative, that the Agreements are null and void contracts. Additionally, Plaintiff requests that the Court enter a Temporary Restraining Order then a preliminary injunction and ultimately a Permanent Injunction that enjoins Defendants from the following:

1.  Engaging in any activity related to the removal of legends from the stock certificates of the restricted shares of the Plaintiff; and

2.  Engaging in any activity related to the sale or transfer of the restricted shares of the Plaintiff; and

3.  Finally, Plaintiff request that the Court order Transfer Agent to return Plaintiff's Restricted Share to it immediately.

Respectfully submitted this 6th day of June 2019.

OTTO K. HILBERT, II, P.C.
LEIF OLSON LAW, LLC

  _/s/ Leif H. Olson_____
Leif H. Olson, Atty. Reg. No. 48999
Leif Olson Law, LLC
3900 E. Mexico Ave., Suite 300
Denver, CO 80210
Office: 720-606-6795
lolson@leifolsonlaw.com

Otto Hilbert, Atty. Reg. No. 18363
Otto K. Hilbert, II, P.C.
535 16th St., Ste. 810
Denver, CO 80202
Office: 303-324-3748
otto@otto.law

## VERIFICATION

I, Wayne Harding, on behalf of Plaintiff, verify under penalty of perjury that I have read the above Complaint and its contents. I also verify that, to the best of my knowledge and recollection, the matters stated in the Complaint are true and correct.

Executed this 6th day of June 2019.

.

_____

Wayne Harding, CEO of Plaintiff