IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-01640-CMA-STV

TWO RIVERS WATER & FARMING COMPANY,

    Plaintiff,

v.

AMERICA 2030 CAPITAL LIMITED,
BENTLEY ROTHSCHILD CAPITAL LIMITED, and
BROADRIDGE FINANCIAL SOLUTIONS, INC.,

    Defendants.

## ORDER GRANTING SUBSTITUTED SERVICE AND ALTERNATIVE SERVICE

This matter is before the Court on Plaintiff Two Rivers Water & Farming Company's Motion for Substituted Service or Alternative Service. (Doc. # 26.) Based on the following reasons, the Court grants the Motion.

### I.    BACKGROUND

This case arises from a dispute regarding an investment agreement between the parties. Plaintiff, a company that assembles water assets by acquiring land with senior water rights, began seeking investors in hopes of expanding into Colorado in 2018. (Doc. # 1, ¶¶ 9 & 10.) In September 2018, Defendants' broker introduced Plaintiff to Defendants, America 2030 Capital Limited and Bentley Rothschild Capital Limited

("Defendants").[1] (Doc. # 1, ¶ 11.) That same month, Plaintiff and Defendants entered into a loan agreement according to which Defendants would loan Plaintiff up to $1,100,000 in exchange for 6,800,000 of Plaintiff's restricted shares as collateral. (Doc. # 1, ¶ 14.) Plaintiff issued the restricted shares to Defendants in October 2018 by delivering the shares to Defendant Broadridge Financial Solutions ("Transfer Agent"), which held them as securities. (Doc. # 1, ¶ 15.)

However, on or about March 20, 2018, Plaintiff learned that Defendants' CEO, Val Sklarov, has an extensive criminal record, and he intended to take Plaintiff's shares without funding the loan. (Doc. # 1, ¶¶ 16 & 17.) On April 29, 2019, Defendants sent two letters to the Transfer Agent demanding that the Transfer Agent make Plaintiff's restricted shares available to sell to the public. (Doc. # 1, ¶ 18.) In May 2019—in an effort to discourage Plaintiff from taking action to stop a transaction that was based on Defendants' misrepresentations regarding the loan—Defendants also sent two letters to Plaintiff stating that Plaintiff was in default under the agreements by virtue of "seeking 'Injunctive relief from any court of law.'" (Doc. # 1, ¶ 19.) The letters identified JT Singh as Defendants' legal counsel. (Doc. # 26 at 3.) Additionally, on June 6, 2019, Defendants filed arbitration claims with an arbitration and mediation service in St. Kitts & Nevis, in which Mr. Singh was again identified as Defendants' legal counsel. (*Id*. at 3.)

On June 6, 2019, Plaintiff brought the instant action seeking declaratory relief and preliminary injunctive relief. *See* (Doc. # 1). Although the Transfer Agent waived

---

[1] In the instant Order, references to "Defendants" are references only to America 2030 Capital Limited and Bentley Rothschild Capital Limited.

2

service, Plaintiff has not been successful in serving Defendants despite multiple attempts to contact and serve them. (Doc. # 26.) Plaintiff's attempts to personally serve Defendants include the following:

- Plaintiff tried to contact Defendants through the email address provided on Defendants' website, which was the same email address that Mr. Singh and Defendants used during the arbitration proceedings. (*Id*. at 7.)

- Plaintiff called Mr. Singh approximately ten times. (*Id*. at 6.)

- Plaintiff contacted an international process server to try to serve Defendants in the Bahamas or West Indies, which is where Defendants are headquartered. (*Id*. at 8.)

- Plaintiff tried to contact Mr. Sklarov through his LinkedIn account. (*Id*.)

- Plaintiff hired a local process server to attempt to serve Defendants at their business address in the United States. However the address was not actually Defendants' business address. Rather, the address was for an unrelated pack-and-ship business. (*Id*.)

After all its attempts to contact and serve Defendants, Plaintiff has been unable to do so, and it continues to incur considerable expenses due to its efforts. Therefore, Plaintiff asserts that the Court should permit substituted service on Mr. Singh or authorize service of process by email.

## II. **LEGAL STANDARD**

Rule 4 of the Federal Rules of Civil Procedure establishes the standard for service of process. After filing a lawsuit, a plaintiff has the responsibility of serving a

corporation, partnership, or association, regardless of whether the defendant is in a judicial district in the United States or not. Fed. R. Civ. P. 4(h). If the defendant is in the United States, then a plaintiff must "deliver[] a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . ." *Id*. at 4(h)(1)(B).

However, if the defendant is outside the United States, it may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents[.]" *Id*. at 4(f)(1). If there are no specific means internationally agreed upon, then service is appropriate "by a method that is reasonably calculated to give notice," or "by other means not prohibited by international agreement, as the court orders." *Id*. at 4(f)(2) & (3). Although the responsibility of service falls on the plaintiff, a defendant "that is subject to service under [the rules stated above] has a duty to avoid unnecessary expenses of serving the summons." *Id*. at 4(d)(1).

The federal rules are silent regarding substituted and alternative service. Where federal rules are silent "as to a specific procedural requirement," the deciding court's local rules control. *Hammond v. City of Junction City*, 2002 U.S. Dist. LEXIS 4117, at *9 (D. Kan. Jan. 23, 2002). Colorado's Rules of Civil Procedure provide plaintiffs with the option of substituted service when they cannot accomplish personal service. Colo. R. Civ. P. 4(f). Plaintiffs are required to file a motion that states:

> (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person whom the party wishes to deliver the process, and (3) the address, or last known address

of the workplace and residence, if known, of the party upon whom service is to be effected.

*Id*. The court must be:

> satisfied that due diligence has been used to attempt personal service . . ., that further attempts to obtain service . . . would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective.

*Id*.

## III. ANALYSIS

At issue is whether the Court should authorize alternative means of personal service. The Court finds that Mr. Singh is an appropriate person for substituted service. Additionally, the Court finds that Plaintiff can meet the service requirement through the alternative service method of email. The Court will discuss each method of service in turn.

### A. MR. SINGH IS AN APPROPRIATE PERSON FOR SUBSTITUTED SERVICE BECAUSE HE HAS A PROFESSIONAL OBLIGATION TO PROVIDE ACTUIAL NOTICE TO DEFENDANTS

If an attorney is currently representing a defendant, it is reasonable to infer that the attorney will give actual notice of service to that defendant. *Contrada, Inc. v. Parsley*, 2010 U.S. Dist. LEXIS 86592 (D. Colo. July 21, 2010). Therefore, Colorado law allows a plaintiff to serve a defendant's attorney if the attorney is currently representing the defendant. *Id*.

For instance, in *Contrada*, a defendant defaulted on a promissory note. *Id*. at *2. The plaintiff unsuccessfully attempted to personally serve the defendant approximately fifteen times using process servers. *Id*. at *2. As a result, the plaintiff asked the court to

5

allow an attorney that represented the defendant in different proceedings to accept service for the defendant. *Id*. at *3. However, the court refused to assume that because an attorney had represented a defendant in the past, the attorney would give actual notice to the defendant in the present. *Id*. at *10. Accordingly, the court ruled the attorney was not an appropriate person for service under Colorado law.[2] *Id*. at *11.

When Plaintiff's counsel asked Mr. Singh via email if he would accept service on behalf of Defendants in this case, Mr. Singh replied that "he was not authorized nor retained for any court actions on [Defendant's] behalf at the moment." (Doc. # 26-1, ¶ 6.) However, it is clear that Mr. Singh knows Defendants and he represented Defendants in the contemporaneous arbitration proceeding relating to the same matters at issue in this case.

Plaintiff has made an adequate record regarding the steps it took to serve Defendants and the substitute service it proposes is reasonable. Although Mr. Singh may deny current representation of Defendants, as the prior lawyer for Defendants in a matter involving this dispute, the Court expects that Mr. Singh has a professional obligation to provide actual notice to Defendants of this substituted service. Accordingly, the Court finds that Mr. Singh is an appropriate person for substituted service. In addition, as set forth below, the Court also finds that email service is also appropriate.

**B.    EMAIL IS AN APPROPRIATE ALTERNATIVE METHOD OF SERVICE BECAUSE OTHER ALTERNATIVES WOULD BE UNDULY BURDENSOME**

Courts in this district have found that email is an appropriate alternative method

---

[2] The Court notes that in *Contrada*, the court granted substituted service through the defendant's past attorney, albeit under Texas law. *Id*. at *11. The defendant resided in Texas and was to be served in Texas; therefore, the court applied Texas law. *Id*. at *2.

6

of service when a plaintiff attempts, and fails, to personally serve foreign entities. *Beijing QIYI Century Sci. & Tech. Co. v. Shenzhen QIYI Innovations Tech. Co.*, 2018 U.S. Dist. LEXIS 211091 (D. Colo. Dec. 13, 2018). Alternative methods of service pursuant to Fed. R. Civ. P. 4(f)(3) are warranted only if a plaintiff has made a reasonable attempt of serving a defendant through the Hague Convention, and if "the [C]ourt's intervention will avoid further unduly burdensome or futile efforts at service". *Clancy Sys. Int'l, Inc. v. Image Sensing Sys.*, 2016 U.S. Dist. LEXIS 190020 (D. Colo. Oct. 14, 2016).

For instance, in *Beijing*, a plaintiff sued a Chinese defendant and tried to serve that defendant through the Hague Convention. 2018 U.S. Dist. LEXIS 211091. The plaintiff discovered service through the Hague Convention could take longer than a year and there was no guarantee that it would be effectuated. *Id.* at *5. The plaintiff then sent service waivers to attorneys that had represented the defendant in past proceedings but did not receive them back. *Id.* at *5-6. Therefore, the court found that service through the Hague Convention would be too burdensome given the delay it could cause in the case. Additionally, the court allowed the plaintiff to serve the defendant by email because the defendant's email had been used to successfully effectuate service in previous proceedings. *Id.* at *10.

By contrast, in *Clancy*, the court denied alternative service via email. *Clancy*, 2016 U.S. Dist. LEXIS 190020. There, a plaintiff sued a Swedish company over a purchase agreement. *Id.* at *4. The plaintiff attempted to serve the defendant through their U.S. counsel, but counsel refused to accept service for the defendant. *Id.* at *4. Additionally, the plaintiff attempted to personally serve the defendant through members

7

of the company, but those members refused to identify their affiliation with the defendant and refused service. *Id*. at *4-5. However, the court denied alternative service via email because the plaintiff had not made a reasonable attempt to serve the defendant through the Hague Convention. *Id*. at *10.

In the instant case, the Hague Convention does not extend to the Bahamas or West Indies. *See* Hague Conference on Private International Law, http://www.hcch.net/en/states/hcch-members (last visited Sept. 23, 2019). Thus, Plaintiff's alternative option is to personally serve Defendants through an international process server, which is unduly burdensome due to Hurricane Dorian. (Doc. # 26, ¶ 11.) Additionally, Plaintiff has made reasonable attempts to communicate and provide service of process to Defendants. As in *Beijing* and *Clancy*, Plaintiff attempted to serve Defendants through their U.S. counsel from previous proceedings, but counsel refused to accept service for Defendants. Moreover, as in *Beijing*, Defendants email address has been used in previous proceedings, so it is appropriate for purposes of service in this case. Therefore, an alternative method of service, such as email, is appropriate.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Substituted Service or Alternative Service (Doc. # 26) is GRANTED.

Accordingly, the Court ORDERS that Plaintiff shall serve Mr. Singh with the summons and complaint and a copy of this Order on or before November 8, 2019. It is

FURTHER ORDERED that Plaintiff shall additionally serve Defendants with the aforementioned documents via email on or before November 8, 2019. It is

8

FURTHER ORDERED that Plaintiff shall submit a Return of Service to the Court upon completion of service.

DATED: October 25, 2019

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge