IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-01640-CMA-STV

TWO RIVERS WATER & FARMING COMPANY,

    Plaintiff,

v.

AMERICA 2030 CAPITAL LIMITED,
BENTLEY ROTHSCHILD CAPITAL LIMITED, and
BROADRIDGE FINANCIAL SOLUTIONS, INC.,

    Defendants.

## ORDER DENYING MOTION TO DISMISS OR STAY ARBITRATION

This matter is before the Court on Plaintiff Two Rivers Water & Farming Company's Expedited Motion to Dismiss or Stay Arbitration. (Doc. # 39.) The Court ordered Defendants to respond to the Motion. (Doc. # 40.) Defendant Broadridge Financial Solutions, Inc. complied (Doc. # 33), but Defendants America 2030 Capital Limited and Bentley Rothschild Capital Limited failed to comply with the Court's order without explanation. For the following reasons, Plaintiff's Motion is denied without prejudice.

### I.     ANALYSIS

Plaintiff's Motion indicates that "Defendants have been pursuing an inappropriate arbitration in St. Kitts/Nevis . . . ." (Doc. # 39 at 1.) As a result, Plaintiff requests that this

Court "dismiss the arbitration proceeding" or "stay the arbitration proceeding until [the Court] has made a decision about whether an enforceable arbitration contract exists." (*Id*. at 6.) This is not the first time Plaintiff has requested this Court's intervention in arbitration proceedings in a foreign country.

On June 19, 2019, the Court held a hearing on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. *See* (Doc. # 19). In a subsequent Order granting the motion, the Court noted:

> At the hearing, the Court directed Plaintiff to submit briefing showing that the Court has the authority to enjoin the arbitration proceedings in the Federation of St. Kitts and Nevis. (*Id*.) However, **Plaintiff did not submit any briefing on that issue**, and Plaintiff did not address the issue in its proposed Order Granting Plaintiff's Motion for Preliminary Injunction. *See* (Doc. # 20). Therefore, the Court abstains from ruling on the arbitration proceedings in the Federation of St. Kitts and Nevis.

(Doc. # 21 at 1) (emphasis added).

The instant Motion similarly fails to address whether this Court has jurisdiction to dismiss or stay arbitration proceedings in the Federation of St. Kitts and Nevis. Moreover, the Court's independent research has shown that the Court may lack jurisdiction to grant the relief Plaintiff requests. *See, e.g.*, *DynaResource de Mexico, S.A. de C.V. v. Goldgroup Res., Inc.*, No. 14-cv-01527-MSK-KMT, 2015 WL 5693560, at *4 (D. Colo. Sept. 29, 2015) (noting that a federal court may have jurisdiction to enjoin arbitration proceedings in a foreign country **if** that country is a signatory to the New York Convention); *see also* <u>Contracting States</u>, New York Arbitration Convention, http://www.newyorkconvention.org/countries (last visited April 4, 2020) (listing signatories to the Convention but omitting the Federation of St. Kitts and Nevis).

## II.    CONCLUSION

Based on the foregoing, the Court ORDERS that Plaintiff's Expedited Motion to Dismiss or Stay Arbitration (Doc. # 39) is DENIED WITHOUT PREJUDICE; it is

FURTHER ORDERED that on or before **April 20, 2020**, Plaintiff may refile the Motion **only if** it addresses the jurisdictional issue the Court discussed in this Order.

DATED: April 6, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge