**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 19-cv-01640-CMA-STV

TWO RIVERS WATER & FARMING COMPANY,

     Plaintiff,

v.

AMERICA 2030 CAPITAL LIMITED,
BENTLEY ROTHSCHILD CAPITAL LIMITED, and
BROADRIDGE FINANCIAL SOLUTIONS, INC.,

     Defendants.

---

**ORDER REJECTING RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

---

     This matter is before the Court on the May 8, 2020 Recommendation (Doc. # 64), by Magistrate Judge Scott T. Varholak, wherein he concludes that Plaintiff's claims should be dismissed for failure to prosecute. Plaintiff filed an Objection (Doc. # 72) on May 22, 2020. For the following reasons, the Court sustains the Objection and rejects the Recommendation.

## I.    <u>BACKGROUND</u>

     Plaintiff initiated this case on June 6, 2019. (Doc. # 1.) Since that time, Plaintiff has been represented by three different attorneys who have withdrawn from the case. *See* (Doc. ## 42, 54, 62) (granting motions to withdraw).

On April 7, 2020, Magistrate Judge Varholak held a status conference regarding Plaintiff's third Motion to Withdraw. (Doc. # 62.) Although the magistrate judge granted the Motion to Withdraw, he advised that "Plaintiffs failure to obtain counsel within thirty (30) days from [April 7, 2020], may result in a recommendation that this case be dismissed for failure to prosecute and judgment entered against the Plaintiff." (*Id*.) That deadline passed without new counsel entering an appearance on Plaintiff's behalf.

Thus, Magistrate Judge Varholak issued the instant Recommendation, concluding that Plaintiff's claims should be dismissed "because Plaintiff has failed to comply with this Court's orders, including the order to timely retain new counsel . . . ." (Doc. # 64 at 3.) Subsequently, new counsel entered an appearance on Plaintiff's behalf on May 22, 2020, and Plaintiff filed the instant Objection the same day. (Doc. ## 71, 72.) In the Objection, Plaintiff concedes that it failed to comply with Magistrate Judge Varholak's order but represents that it "diligently sought to obtain replacement counsel," but faced various difficulties in its efforts. (Doc. # 72 at 2.) Plaintiff further represents that it "intends to comply with all obligations going forward." (*Id*.)

II.   **STANDARD OF REVIEW**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept,

reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III.   ANALYSIS

Federal Rule of Civil Procedure 16(f) "give[s] courts very broad discretion to use

sanctions where necessary to insure . . . that [parties and their lawyers] fulfill their high

duty to insure the expeditious and sound management of the preparation of cases for

trial." *Wallace v. Russell*, 282 F. App'x 657, 657–58 (10th Cir. 2008) (quoting *Mulvaney*

*v. Rivair Flying Serv., Inc.*, 744 F.2d 1438, 1440 (10th Cir. 1984)). Thus, the Rule

provides that "[o]n motion or on its own, the court may issue any just orders, including

those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a

scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(c). "Among those authorized

orders is an order dismissing the action." *Wallace*, 282 F. App'x at 658 (citing Fed. R.

Civ. P. 37(b)(2)(A)(v)).

The Court rejects Magistrate Judge Varholak's Recommendation that Plaintiff's

claims should be dismissed, but it does not do so lightly. Failure to comply with court

orders substantially impairs the Court's ability to "secure the just, speedy, and

inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. As a

result, the Court takes such failures very seriously. *See, e.g.*, *Am. 2030 Capital Ltd. v.*

*Sunpower Grp. Ltd.*, No. 19-cv-02676-CMA-KMT, 2020 WL 2079187, at *3 (D. Colo.

Apr. 30, 2020) (dismissing case with prejudice as a sanction due to the plaintiff's failure

to comply with court order to file a status update about the case). However, Plaintiff's

failure to comply with Magistrate Judge Varholak's order to secure new counsel is

Plaintiff's first transgression of its kind in this case. *Cf. id*. (noting the plaintiff had been warned that "failure to comply with court orders could result in the termination of this case" prior to plaintiff's action that led to dismissal).

Additionally, the cause of the problem—Plaintiff's lack of counsel—has been remedied. Therefore, because the Court favors the resolution of disputes on the merits whenever possible, the Court declines to dismiss Plaintiff's claims at this time. However, Plaintiff is hereby cautioned that the Court will not be as accommodating in the event of any other lapses in its compliance with court orders.

## IV.   CONCLUSION

Based on the foregoing, the Court ORDERS that Magistrate Judge Varholak's Recommendation (Doc. # 64) is REJECTED. It is

FURTHER ORDERED that Plaintiff's claims shall remain pending.

DATED: May 27, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge